UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

AMY VOLPERT,

                Plaintiff,                          **COMPLAINT**

      - against -

INFORMA BUSINESS INTELLIGENCE, INC.,      **JURY TRIAL DEMANDED**

                Defendant.

------------------------------------------------------------------x

Plaintiff AMY VOLPERT, by her undersigned attorneys, alleges for her complaint against defendant as follows:

## INTRODUCTION

1. This is an action to recover unpaid overtime wages and related relief, brought by a former employee of defendant under Section 16 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, and Sections 198 and 663 of the New York Labor Law ("Labor Law") and related regulations issued by the New York State Department of Labor, including 12 NYCRR § 142-2.2.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, which grants this Court original jurisdiction over claims involving a federal question of law. Supplemental jurisdiction over the New York Labor Law claims exists pursuant to 28 U.S.C. § 1367.

3. This action is brought in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2). Defendant resides in this District and a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District.

## PARTIES

4. Plaintiff Amy Volpert ("Volpert") was employed by defendant as an editor of an academic journal published by defendant called BioTechniques from February 4, 2013 until January 5, 2018. She resides in Brooklyn, New York.

5. At all relevant times, Volpert was an "employee" within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1), and Sections 190(2) and 651(5) of the Labor Law.

6. Upon information and belief, defendant Informa Business Intelligence, Inc. ("Informa") is a Florida corporation with offices located at 52 Vanderbilt Avenue, 11th Floor, New York, New York 10017.

7. Informa operates a business that sells products and services including trade publications and newsletters, data and analysis services, and other consulting services, to customers located in numerous different states and countries.

8. At all times relevant to this action, defendant was an employer of plaintiff within the meaning of Sections 190(3) and 651(6) of the New York Labor Law and Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all relevant times, Informa had (i) an annual gross volume of sales or business of

no less than $500,000 and (ii) employees engaged in commerce or in the production of goods for commerce, or who handled, sold or otherwise worked on goods or materials that were moved in or produced for commerce.

10. At all times relevant to this action, Informa was an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

## FACTS

11. Plaintiff was employed by defendant from February 4, 2013 to January 5, 2018.

12. Plaintiff's primary job duties while employed by defendant consisted of copy editing (which she did in accordance with a designated style manual); formatting articles for print publication (using templates); preparing newsletters (mainly cutting and pasting content into newsletters, following specified templates); coordinating edits and communicating with authors; and updating spreadsheets to track the progress of articles through the publication cycle.

13. Plaintiff's total weekly hours worked were routinely understated by defendant on the pay stubs provided to plaintiff with her wage payments, and plaintiff was not paid for any overtime hours she worked (*i.e.*, hours worked in excess of forty hours in a work week).

14. Defendant did not maintain records of the hours worked by plaintiff while under defendant's employ.

15. Plaintiff estimates that she worked an average of at least fifty hours per week over the course of her employment by defendant. Despite this fact, defendant never paid plaintiff for the hours she worked in excess of forty hours in a work week. More specifically, plaintiff estimates she worked at least an average of approximately forty-five hours per week during the period of February

2013 to mid-July 2013; fifty hours per week from mid-July 2013 to mid-August 2014; fifty-five hours per week from mid-August 2014 until around the end of February 2016; and fifty hours per week from around the end of February 2016 until end of her employment in January 2018.

16. The pay stubs or regular wage statements provided to plaintiff while employed by defendant did not accurately state the actual number of hours worked by her during the pay periods in question and sometimes did not indicate any number at all for the number of hours worked by her. Her pay stubs also failed to state her regular and overtime hourly rates of pay and – at least sometimes (if not always) – failed to list Informa's phone number. Some sample pay stubs are attached as Exhibit 1.

17. Plaintiff was paid every two weeks based on an annual salary of $65,000 during the period of February 4, 2013 to December 31, 2014 and $66,950 during the period of January 1, 2014 to February 5, 2018.

18. Plaintiff estimates that she that she is owed approximately $126,000 to $136,000 in unpaid overtime wages by defendant, although the actual amount owed could be more.

19. Plaintiff was, at all times, a non-exempt employee as that term is defined for purposes of the Fair Labor Standards Act and N.Y. Labor Law. Her primary duty or duties consisted, at all times, of non-exempt work.

20. Defendant failed to provide plaintiff with a written notice providing all of the information required by N.Y. Labor Law § 195(1)(a) within ten business days of her hiring or at any time thereafter.

21. At all relevant times, defendant was aware that non-exempt employees are required

by law to be paid one and one-half their regular rate of pay for hours worked in excess of forty hours in a work week.

22. Throughout the course of her employment at Informa, plaintiff complained to Informa management and human resources personnel about the long hours she was being forced to work as a result of the unreasonably heavy workload that she was routinely expected to complete each week. For example, she raised the issue of her long hours with Tamaryn Hankinson, the then-publisher of *BioTechniques*, on August 14, 2014, in an e-mail; addressed the issue (mainly during Skype conversations) with Nathan Blow, the then editor-in-chief of *BioTechniques* and plaintiff's direct supervisor, Tamaryn Hankinson (by email) and Sarah Falender (a member of defendant's human resources staff, who plaintiff spoke to in person) at various times in February of 2016; raised the issue with Phil Jarvis (a Managing Director at Informa who had direct oversight over *BioTechniques*) in a meeting held on January 23, 2017 (in which Jarvis told her that she was not the only employee complaining about long work hours); and mentioned her long work hours, again, to HR representative Falender in emails sent on March 7, 2017 and December 19, 2017. Plaintiff also complained to these people that she was not being adequately or appropriately compensated for the overtime hours she worked.

## FIRST CAUSE OF ACTION: FEDERAL OVERTIME WAGE VIOLATIONS

23    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

24. Defendant has violated Section 7 of the FLSA, 29 U.S.C. § 207, by failing to pay

plaintiff one-and-one-half times her regular rate of pay for each hour she worked in excess of 40 hours during a work week.

25. Defendant's failure to pay plaintiff for the overtime hours she worked (and their other violations of law alleged herein) was not done in good faith and not based on a reasonable belief that its payroll practices complied with the law but was instead willful or done with a reckless disregard for its lawfulness.

26. Defendant is liable to plaintiff in the amount of the unpaid overtime compensation she should have been paid, plus an equal amount in liquidated damages, plus reasonable attorney's fees and the costs of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION: NEW YORK STATE OVERTIME VIOLATIONS

27. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

28. Defendant has violated the New York Labor Law and 12 NYCRR § 142-2.2 by failing to pay plaintiff one-and-one-half times her regular rate of pay for each hour she worked in excess of 40 hours during a work week.

29. Pursuant to Labor Law §§ 198 and 663, defendant is liable to plaintiff in the amount of the unpaid overtime compensation she was entitled to receive but was not paid, pre-judgment interest, and liquidated damages, plus reasonable attorney's fees and the costs of this action.

### THIRD CAUSE OF ACTION: VIOLATION OF N.Y. LABOR LAW § 195(1)

30. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

31. Plaintiff was not provided with the notice required by Labor Law § 195(1)(a) within ten days business days of her first day of employment or at any time thereafter.

32. Pursuant to Labor Law § 198(1-b), plaintiff is entitled to damages of $50 for defendant's failure to provide the notice required by § 195(a)(1) within ten days of her commencement of employment, plus an additional $50 per day for each work day that the violation continued, up to the statutory maximum total of $5,000, plus reasonable attorney's fees and the costs of this action. Plaintiff is therefore entitled to damages of $5,000, plus reasonable attorney's fees and costs, for defendant's failure to comply with Labor Law § 195(1)(a).

### FOURTH CAUSE OF ACTION: VIOLATION OF N.Y. LABOR LAW § 195(3)

33. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

34. During the entire period that plaintiff was employed by defendant, she was never provided with a regular pay statement that complied with the requirements of Labor Law § 195(3). More specifically, the pay statements that plaintiff was provided failed to accurately state the actual number of hours she had worked during the work weeks covered by the pay period in question, failed to state her regular and overtime hourly rates of pay, and failed to provide Informa's telephone number.

35. Pursuant to Labor Law 198(1-d), plaintiff is entitled to damages of $250 for

each violation of § 195(3) that occurred, plus an additional $250 per work day for each work day any such violation continued, up to the statutory maximum amount of $5,000, plus reasonable attorney's fees and the costs of this action. Plaintiff is therefore entitled to damages of $5,000, plus reasonable attorney's fees and costs, for defendant's failure to comply with Labor Law § 195(3).

## TRIAL BY JURY

Plaintiff requests a trial by jury on all claims asserted herein.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that a judgment be granted as follows:

1. Awarding plaintiff the wages she is due under the FLSA and N.Y. Labor Law for all of the hours she worked in excess of forty hours in a work week for which she was not paid;

2. Awarding plaintiff $5,000 in damages for defendants' violation of N.Y. Labor Law § 195(1)(a).

3. Awarding plaintiff $5,000 for defendant's violation of N.Y. Labor Law § 195(3).

4. Awarding plaintiff liquidated damages under both the FLSA and N.Y. Labor Law;

5. Awarding plaintiff pre-judgment interest and post-judgment interest;

6. Awarding plaintiff the costs of this action, including reasonable attorney's fees; and

7. Awarding such other relief as this Court deems just and proper.

Dated: May 14, 2018

LICHTEN & BRIGHT, P.C.
Attorneys for Plaintiff

By: _____
    Daniel R. Bright (DB-9373)
    387 Park Avenue South, 5th Floor
    New York, New York  10016
    (646) 588-4871

**EXHIBIT 1**

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | 120 |
|---|---|---|---|---|---|
| EA0 | 140196 | ED03BT | | 0000190121 | 1 |

# Earnings Statement



INFORMA BUSINESS INTELLIGENCE INC.
101 PARAMOUNT DRIVE
SUITE 100
SARASOTA, FL 34232

Period Beginning: 05/01/2017
Period Ending: 05/15/2017
Pay Date: 05/15/2017

Taxable Marital Status: Single
Exemptions/Allowances:
  Federal: 2
  NY: 0
  New York Cit: 0

AMY VOLPERT
482 FRANKLIN AVE
APT. 3F
BROOKLYN NY 11238

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 2789.59 | 75.83 | 2,789.59 | 25,106.31 |
| Profit Share - Py | | | | 1,163.00 |
| **Gross Pay** | | | **$2,789.59** | 26,275.31 |

Your federal taxable wages this period are $2,354.58

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -302.76 | 3,177.57 |
| | Social Security Tax | -159.82 | 1,548.93 |
| | Medicare Tax | -37.38 | 362.25 |
| | NY State Income Tax | -117.89 | 1,214.70 |
| | New York Cit Income Tax | -73.74 | 738.35 |
| | NY SUI/SDI Tax | -1.30 | 11.70 |
| | **Other** | | |
| | Buy Up Ltd | -4.46 | 40.14 |
| | Dental | -3.94* | 35.46 |
| | Gym | -15.00 | 135.00 |
| | Medical | -27.82* | 250.38 |
| | Medical Fsa | -54.17* | 487.53 |
| | Sharematch 1 | -100.00 | 500.00 |
| | Transit Flex | -121.00* | 475.00 |
| | Vision | -4.91* | 44.19 |
| | 401K | -223.17* | 1,980.63 |
| **Net Pay** | | **$1,542.23** | |
| Checking 1 | | -1,542.23 | |
| **Net Check** | | **$0.00** | |

**Important Notes**
FOR QUESTIONS CONTACT YOUR HR REPRESENTATIVE AT 212-521-2777

* Excluded from federal taxable wages

© 2000 ADP, LLC

---

INFORMA BUSINESS INTELLIGENCE INC.
101 PARAMOUNT DRIVE
SUITE 100
SARASOTA, FL 34232

Advice number: 00000190121
Pay date: 05/15/2017

Deposited to the account of
AMY VOLPERT

| account number | transit ABA | amount |
|---|---|---|
| xxxxxxxx8937 | xxxx  xxxx | $1,542.23 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | 120 |
|---|---|---|---|---|---|
| EA0 | 140196 | ED03BT | | 0000110222 | 1 |

# EARNINGS STATEMENT



INFORMA BUSINESS INTELLIGENCE INC.
101 PARAMOUNT DRIVE
SUITE 100
SARASOTA, FL 34232

Period Beginning: 03/01/2017
Period Ending: 03/15/2017
Pay Date: 03/15/2017

Taxable Marital Status: Single
Exemptions/Allowances:
  Federal: 2
  NY: 0
  New York Cit: 0

AMY VOLPERT
482 FRANKLIN AVE
APT. 3F
BROOKLYN NY 11238

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 2789.59 | 75.83 | 2,789.59 | 13,947.95 |
| **Gross Pay** | | | **$2,789.59** | 13,947.95 |

Your federal taxable wages this period are $2,359.08

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -303.89 | 1,613.78 |
| | Social Security Tax | -160.10 | 822.17 |
| | Medicare Tax | -37.44 | 192.28 |
| | NY State Income Tax | -118.18 | 615.26 |
| | New York Cit Income Tax | -73.91 | 384.29 |
| | NY SUI/SDI Tax | -1.30 | 6.50 |
| | **Other** | | |
| | Buy Up Ltd | -4.46 | 22.30 |
| | Dental | -3.94* | 19.70 |
| | Gym | -15.00 | 75.00 |
| | Medical | -27.82* | 139.10 |
| | Medical Fsa | -54.17* | 270.85 |
| | Sharematch 1 | -100.00 | 300.00 |
| | Transit Flex | -116.50* | 233.00 |
| | Vision | -4.91* | 24.55 |
| | 401K | -223.17* | 1,087.95 |
| | **Net Pay** | **$1,544.80** | |
| | Checking 1 | -1,544.80 | |
| | **Net Check** | **$0.00** | |

**Important Notes**
FOR QUESTIONS CONTACT YOUR HR REPRESENTATIVE AT 212-521-2777

\* Excluded from federal taxable wages

© 2000 ADP, LLC

---

INFORMA BUSINESS INTELLIGENCE INC.
101 PARAMOUNT DRIVE
SUITE 100
SARASOTA, FL 34232

Advice number: 00000110222
Pay date: 03/15/2017

Deposited to the account of
AMY VOLPERT

| account number | transit ABA | amount |
|---|---|---|
| xxxxxxxx8937 | xxxx xxxx | $1,544.80 |



**NON-NEGOTIABLE**

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | 120 |
|---|---|---|---|---|---|
| EA0 | 140196 | 0D0121 | | 0000130038 | 1 |

# Earnings Statement



INFORMA BUSINESS INFORMATION  
101 PARAMOUNT DRIVE  
SUITE 100  
SARASOTA, FL 34232

Period Beginning: 03/16/2015  
Period Ending: 03/31/2015  
Pay Date: 03/31/2015

Taxable Marital Status: Single  
Exemptions/Allowances:  
    Federal: 2  
    NY: 0  
    New York Cit: 0

AMY VOLPERT  
652 WEST 189TH STREET  
APT 2G  
NEW YORK NY 10040

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 2789.59 | 75.83 | 2,789.59 | 16,737.54 |
| Gross Pay | | | $2,789.59 | 16,737.54 |

Your federal taxable wages this period are $2,432.36

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -325.55 | 1,869.30 |
| | Social Security Tax | -162.92 | 956.65 |
| | Medicare Tax | -38.10 | 223.73 |
| | NY State Income Tax | -123.17 | 717.36 |
| | New York Cit Income Tax | -76.77 | 447.51 |
| | NY SUI/SDI Tax | -1.30 | 7.80 |
| | **Other** | | |
| | Aflac Accident | -12.09* | 72.54 |
| | Buy Up Ltd | -4.46 | 26.76 |
| | Dental | -3.94* | 23.64 |
| | Gym | -15.00 | 90.00 |
| | Medical | -36.91* | 221.46 |
| | Medical Fsa | -104.17* | 625.02 |
| | Vision | -4.85* | 29.10 |
| | 401K | -195.27* | 1,171.62 |
| | Sharematch 1 | | 300.00 |
| | Transit Flex | | 336.00 |
| Net Pay | | | $1,685.09 |
| Checking 1 | | | -1,685.09 |
| Net Check | | | $0.00 |

\* Excluded from federal taxable wages

© 2000 ADP, LLC

---

INFORMA BUSINESS INFORMATION  
101 PARAMOUNT DRIVE  
SUITE 100  
SARASOTA , FL 34232

Advice number: 00000130038  
Pay date: 03/31/2015

| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| AMY VOLPERT | xxxxxxxx8937 | xxxx xxxx | $1,685.09 |

VOID AFTER 180 DAYS



Bank of America

NON-NEGOTIABLE

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | 120 |
|---|---|---|---|---|---|
| EA0 | 140196 | 0D0121 | | 0000160035 | 1 |

# Earnings Statement



INFORMA BUSINESS INFORMATION
101 PARAMOUNT DRIVE
SUITE 100
SARASOTA, FL 34232

Period Beginning:  04/01/2015
Period Ending:     04/15/2015
Pay Date:          04/15/2015

Taxable Marital Status:  Single
Exemptions/Allowances:
 Federal:      2
 NY:           0
 New York Cit: 0

AMY VOLPERT
652 WEST 189TH STREET
APT 2G
NEW YORK NY 10040

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 2789.59 | 75.83 | 2,789.59 | 19,527.13 |
| **Gross Pay** | | | **$2,789.59** | 19,527.13 |

Your federal taxable wages this period are $2,315.86

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -296.43 | 2,165.73 |
| | Social Security Tax | -155.69 | 1,112.34 |
| | Medicare Tax | -36.41 | 260.14 |
| | NY State Income Tax | -115.66 | 833.02 |
| | New York Cit Income Tax | -72.23 | 519.74 |
| | NY SUI/SDI Tax | -1.30 | 9.10 |
| | **Other** | | |
| | Aflac Accident | -12.09* | 84.63 |
| | Buy Up Ltd | -4.46 | 31.22 |
| | Dental | -3.94* | 27.58 |
| | Gym | -15.00 | 105.00 |
| | Medical | -36.91* | 258.37 |
| | Medical Fsa | -104.17* | 729.19 |
| | Sharematch 1 | -100.00 | 400.00 |
| | Transit Flex | -116.50* | 452.50 |
| | Vision | -4.85* | 33.95 |
| | 401K | -195.27* | 1,366.89 |
| **Net Pay** | | | **$1,518.68** |
| Checking 1 | | | -1,518.68 |
| **Net Check** | | | **$0.00** |

* Excluded from federal taxable wages

© 2000 ADP, LLC

---

INFORMA BUSINESS INFORMATION
101 PARAMOUNT DRIVE
SUITE 100
SARASOTA , FL 34232

Advice number:   00000160035
Pay date:        04/15/2015

Deposited to the account of
AMY VOLPERT

| account number | transit ABA | amount |
|---|---|---|
| xxxxxxxx8937 | xxxx xxxx | $1,518.68 |



VOID AFTER 180 DAYS

Bank of America

NON-NEGOTIABLE