UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMY VOLPERT,

Plaintiff,

-against-

INFORMA BUSINESS INTELLIGENCE, INC.,

Defendant.

Civil Action No. 18-cv-04319-PGG

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

---

Defendant Informa Business Intelligence, Inc. ("Informa" or the "Defendant"), by its attorneys, Mintz, Levin, Cohen, Ferris, Glovsky and Popeo, P.C., answer the Complaint of Amy Volpert ("Plaintiff"), as follows:

## INTRODUCTION

1. Defendant admits that Plaintiff purports to bring this action to recover unpaid overtime wages, except denies that such claims have any validity.

## JURISDICTION AND VENUE

2. The allegations in paragraph 2 of the Complaint contain legal conclusions to which no answer is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. The allegations in paragraph 3 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 3 of the Complaint.

## PARTIES

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, except admits that Plaintiff was employed by Informa.

1

5. Defendant denies the allegations contained in paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint sets forth purely legal conclusions and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint sets forth purely legal conclusions and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint sets forth purely legal conclusions and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 10 of the Complaint.

## FACTS

11. Defendant denies the allegations in paragraph 11 of the Complaint, except admits that Informa employed Plaintiff.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint contains legal arguments and conclusions to which no response is required, to the extent that a response is required, Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

**FIRST CAUSE OF ACTION: FEDERAL OVERTIME WAGE VIOLATIONS**

23. Defendant repeats and restates its responses to the allegations contained in paragraphs 1 through 22 of the Complaint with the same force and effect as if set forth fully herein.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

**SECOND CAUSE OF ACTION: NEW YORK STATE OVERTIME VIOLATIONS**

27. Defendant repeats and restates its responses to the allegations contained in paragraphs 1 through 26 of the Complaint with the same force and effect as if set forth fully herein.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

**THIRD CAUSE OF ACTION: VIOLATION OF N.Y. LABOR LAW § 195 (1)**

30. Defendant repeats and restates its responses to the allegations contained in paragraphs 1 through 29 of the Complaint with the same force and effect as if set forth fully herein.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

### FOURTH CAUSE OF ACTION: VIOLATION OF N.Y. LABOR LAW § 195 (3)

33. Defendant repeats and restates its responses to the allegations contained in paragraphs 1 through 32 of the Complaint with the same force and effect as if set forth fully herein.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

### PRAYER FOR RELIEF

Defendant denies all of the allegations contained in the WHEREFORE paragraph of the Complaint and further denies that Plaintiff is entitled to any of the relief and/or damages requested in the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted or for which the damage sought can be awarded.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Defendant at all times acted in good faith with the reasonable belief that its actions complied with state and federal laws, and at no time willfully violated any of the laws pursuant to which Plaintiff brings the instant action.

## FOURTH AFFIRMATIVE DEFENSE

Defendant at all times acted reasonably and in food faith in attempting to comply with any obligations it may have had under Fair Labor Standards Act ("FLSA") and/or the New York Labor Law ("NYLL") to Plaintiff.  Accordingly, liquidated damages are not available to Plaintiff under the provisions of the FLSA or the NYLL.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, the existence of which is expressly denied, are barred by the doctrines of laches, unclean hands, waiver and/or estoped.

## SIXTH AFFIRMATIVE DEFENSE

If Defendant is found to have failed to pay Plaintiff any amount due, which Defendant denies, Defendant is entitled to set off any overpayments or other sums owed by Plaintiff or against any judgment.


Defendant reserves the right to assert additional defenses during the course of this action based on information learned through discovery.

**WHEREFORE**, Defendant demands judgment against Plaintiff:

(a) Dismissing the Complaint with prejudice and denying each and every request for relief set forth therein;

(b) Awarding Defendant costs and disbursements in this action; and

(c) Granting Defendant such other relief as the Court deems just and proper.

Dated: June 13, 2018
      New York, New York

                              MINTZ LEVIN COHN FERRIS
                              GLOVSKY and POPEO, P.C.

                              By:   /s/ Jennifer B. Rubin
                                    Jennifer B. Rubin
                                    e-mail: jbrubin@mintz.com
                                    The Chrysler Center
                                    666 Third Avenue
                                    New York, New York 10017
                                    Tel:   (212) 935-3000
                                    Fax:  (212) 983-3115

                                    *Attorneys for Defendant*


To:    Daniel R. Bright
        e-mail: dbright@lichtenandbright.com
        LICHTEN & BRIGHT, P.C.
        475 Park Avenue South, 17th Floor
        New York, New York 10001
        Tel:   (646) 588-4871
        Fax:  (646) 588-4877

        *Attorneys for Plaintiff*

78308889v.1